# In the United States Court of Federal Claims

No. 18-573C
(Filed: October 26, 2018)
NOT FOR PUBLICATION

```
*******************************************
DARLENE M. BROUGHTON,          *
                               *
              Plaintiff,       *   Pro Se Plaintiff; Application to Proceed In
                               *   Forma Pauperis; Motion to Dismiss for Lack
v.                             *   of Jurisdiction, RCFC 12(b)(1); Statute of
                               *   Limitations, 28 U.S.C. § 2501
THE UNITED STATES,             *
                               *
              Defendant.       *
*******************************************
```

## OPINION AND ORDER

Plaintiff Darlene M. Broughton, proceeding pro se, filed suit in this court seeking monetary damages for injuries she sustained while she was employed by the United States Department of Veterans Affairs ("VA") from 2005 to 2009. She further seeks to proceed in forma pauperis. Defendant moves for the dismissal of plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the court grants both plaintiff's application to proceed in forma pauperis and defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff—a veteran of the United States Navy and the Naval Reserve who was honorably discharged in 1997—generally alleges that from 2005 to 2009, while she was employed by the VA in Denver, Colorado, and Seattle, Washington, she was repeatedly exposed to hazardous waste odors at her workspace, causing her to suffer hypoxia that required medical treatment.[1] She specifically identifies six such exposures: one at the Denver VA medical center in 2005, two at the Denver VA medical center in 2006, two at the Seattle VA medical center in 2008, and two at the Seattle VA medical center in 2009.

---

[1] The court derives the facts in this section from plaintiff's complaint, the exhibits attached to the complaint and plaintiff's response to defendant's motion to dismiss, and documents appearing on the dockets of Broughton v. Merit Systems Protection Board, No. 14-3063 (Fed. Cir. filed Jan. 30, 2014), and Broughton v. Merit Systems Protection Board, No. 14-9004 (S. Ct. filed Nov. 14, 2014).

7018 0040 0001 1393 0771

In 2009, plaintiff requested two accommodations from the VA—use of a fan and to be reassigned to another desk—but the VA denied her requests. Ultimately, plaintiff was unable to work and left the VA in May 2009. She sought workers' compensation from the United States Department of Labor Office of Workers' Compensation Programs ("OWCP"), but her claim was denied on May 20, 2009. However, plaintiff did qualify for disability retirement based on a disability of asthma, and began receiving monthly annuity payments in December 2009. In December 2014, plaintiff was assessed with hypoxic respiratory failure and intrinsic bronchial asthma.

Two years earlier, on November 26, 2012, plaintiff filed an appeal with the Merit Systems Protection Board ("MSPB") in which she alleged that her resignation from the VA was involuntary. The MSPB dismissed the appeal as untimely on December 30, 2013. Plaintiff appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit ("Federal Circuit") on January 30, 2014. The Federal Circuit affirmed the MSPB's decision on September 11, 2014. The United States Supreme Court ("Supreme Court") subsequently denied plaintiff's petition for a writ of certiorari on April 27, 2015, and request for rehearing on August 10, 2015.

In the meantime, in July 2014, plaintiff submitted another claim for workers' compensation. The OWCP denied the claim on July 17, 2015. Plaintiff appealed that denial to the United States Department of Labor Employees' Compensation Appeals Board ("ECAB"). The ECAB dismissed plaintiff's appeal as untimely on October 31, 2017.

In addition, in 2015, plaintiff filed suit in the United States District Court for the District of Colorado ("district court"). The district court dismissed the suit on February 25, 2016, due to plaintiff's failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. Plaintiff appealed the dismissal to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), which affirmed the district court's decision on May 5, 2016.

Plaintiff filed her complaint in this court on April 19, 2018. In her complaint, she requests inflation-adjusted statutory civil penalties for the VA's deliberate violations of the Clean Air Act or, in the alternative, damages in the amount of $3,195,000 for the VA's deliberate violations of the Clean Air Act, the Occupational Safety and Health Act, and the Americans with Disabilities Act. She further indicates jurisdiction is proper under the Contract Disputes Act of 1978. Finally, she states that she has "not received [the] military pay" to which she was entitled as a result of the injury she sustained during her employment with the VA.

On June 18, 2018, defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to RCFC 12(b)(1). Plaintiff filed a response in opposition to defendant's motion on July 26, 2018, and defendant filed a reply on August 10, 2018. The court deems oral argument unnecessary.

## II. DISCUSSION

### A. Standard of Review

When considering whether to dismiss a complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, plaintiffs proceeding pro se are not excused from meeting basic jurisdictional requirements, Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995), even though the court holds their complaints to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In other words, a plaintiff proceeding pro se must prove, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Trusted Integration, Inc., 659 F.3d at 1163. If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court sua sponte may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Further, "[w]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). In addition, to fall within the jurisdiction of the Court of Federal Claims, any claim against the United States filed in the court must be "filed within six years after such claim first accrues." 28 U.S.C. § 2501; see also John R. Sand & Gravel Co. v. United

States, 552 U.S. 130, 133-35 (2008) (providing that the limitations period set forth in 28 U.S.C. § 2501 is an "absolute" limit on the ability of the Court of Federal Claims to reach the merits of a claim); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) ("A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966)).

### C. The Court Lacks Jurisdiction to Entertain Plaintiff's Claims

Construing the allegations in the complaint in the light most favorable to plaintiff, plaintiff asserts that she is entitled to monetary damages for injuries she suffered while employed by the VA from 2005 to 2009. In other words, plaintiff's claims accrued no later than 2009. Plaintiff did not file suit in this court until 2018, more than six years after her claims accrued. Because plaintiff did not file her complaint within the six-year limitation period set forth in 28 U.S.C. § 2501, the court lacks jurisdiction to entertain plaintiff's claims.

Further, the court would lack jurisdiction over plaintiff's claims even if her claims were within the statute of limitations. First, plaintiff is seeking damages for personal injuries, in other words, she is asserting claims sounding in tort. The Court of Federal Claims lacks jurisdiction over such claims. See 28 U.S.C. § 1491(a)(1).

Second, the Court of Federal Claims is not authorized to entertain claims under the three statutes identified by plaintiff—the Clean Air Act, the Occupational Safety and Health Act, and the Americans with Disabilities Act. The Clean Air Act permits individuals to raise certain challenges in federal courts of appeals, see 42 U.S.C. § 7607(b)(1) (2012), and seek to enforce emission standards or limitations in federal district courts, see id. § 7604(a). Accord Del. Valley Citizens Council for Clean Air v. Davis, 932 F.2d 256, 265 (3d Cir. 1991) ("In short, citizens who claim that the emission standards themselves are inadequate must petition the appropriate court of appeals pursuant to § 7607, while citizens who merely wish to enforce the emissions standards may sue in district court pursuant to § 7604." (footnote omitted)). The Court of Federal Claims is neither a federal court of appeals nor a federal district court. See 28 U.S.C. § 41 (identifying the thirteen federal courts of appeals); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam) ("The Court of Federal Claims is not a district court of the United States . . . ."). Moreover, "the Clean Air Act does not authorize a private cause of action for compensatory damages for alleged violations of the Act . . . ." Abuhouran v. KaiserKane, Inc., No. 10-6609 (NLH/KMW), 2011 WL 6372208, at *4 (D.N.J. Dec. 19, 2011); accord Bowling v. United States, 93 Fed. Cl. 551, 559-60 (2010) (holding that the Clean Air Act "is intended to address environmental harm rather than personal injury claims"). The Occupational Safety and Health Act does not allow for individuals to file suit for violations of the Act or its regulations. See 29 U.S.C. § 653 (2012) ("Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."); Crane v. Conoco, Inc., 41 F.3d 547, 553 (9th Cir. 1994) ("[Violations of the Occupational Safety and Health Act] do not themselves constitute a private

cause of action for breach."); Bowling, 93 Fed. Cl. at 558 (observing that violations of the Occupational Safety and Health Act "are properly reported to the office of the Secretary of Labor" and holding that the Court of Federal Claims has no jurisdiction over claims alleging such violations). And, the Americans with Disabilities Act does not apply to the federal government as an employer. 42 U.S.C. § 12111(2), (5); Searles v. United States, 88 Fed. Cl. 801, 805 (2009).

Third, although plaintiff asserts that this court possesses jurisdiction to entertain her claims pursuant to the Contract Disputes Act of 1978, that statute applies only to contracts with the federal government to procure goods and services. See 41 U.S.C. § 7102 (2012). Plaintiff has not alleged such a contractual relationship with the federal government. Indeed, plaintiff has not alleged that she has any contractual relationship with the federal government.[2] Cf. Nat'l R.R. Passenger Corp. v. Atchison Topeka & Santa Fe Ry. Co., 470 U.S. 451, 465-66 (1985) ("[A]bsent some clear indication that the legislature intends to bind itself contractually, the presumption is that 'a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise.' This well-established presumption is grounded in the elementary proposition that the principal function of a legislature is not to make contracts, but to make laws that establish the policy of the state." (citations omitted) (quoting Dodge v. Bd. of Educ., 302 U.S. 74, 79 (1937))); Schism v. United States, 316 F.3d 1259, 1274-75 (Fed. Cir. 2002) (en banc) ("Federal employees . . . serve by appointment, not contract . . . ."); Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985) (noting that the relationship between the federal government and its employees is not governed by the general principles of contract law); Martinez v. United States, 48 Fed. Cl. 851, 862-63 (2001) (holding that a federal regulation did not create privity of contract between the plaintiff and the government), aff'd, 281 F.3d 1376 (Fed. Cir. 2002).

Fourth, to the extent plaintiff is so requesting, the Court of Federal Claims may not review the decisions of the OWCP, ECAB, MSPB, district court, Tenth Circuit, Federal Circuit, or Supreme Court. Decisions of the OWCP may only be appealed to the ECAB, 20 C.F.R. § 10.600 (2018), and decisions of the ECAB are not subject to judicial review, id. § 501.6(d); 5 U.S.C. § 8128(b) (2012). Decisions of the MSPB are appealable to the Federal Circuit or, in certain circumstances, other federal courts of appeals, federal district courts, or the Equal Employment Opportunity Commission.[3] See 5 U.S.C. § 7703; 28 U.S.C. § 1295(a)(9). And, the Court of Federal Claims lacks the authority to review the decisions of other federal courts; as explained by the Supreme Court:

---

[2] In the documents constituting her response to defendant's motion to dismiss, plaintiff refers only to a contract between the VA and a union representing the VA's employees. Plaintiff has not provided any evidence that she has a right to sue the VA for breach of that contract in the Court of Federal Claims.

[3] To the extent that the Court of Federal Claims would have jurisdiction to review decisions of the MSPB pursuant to 5 U.S.C. § 7703(b)(2)—which concerns discrimination claims that can be asserted under the Fair Labor Standards Act of 1938—petitions for review under that provision must be filed within thirty days of the MSPB's decision. Plaintiff filed her complaint in 2018, more than four years after the MSPB issued the decision in plaintiff's case.

Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system.

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994); accord Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." (quoting Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001))); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts.").

Finally, to the extent that plaintiff's assertion that she has "not received [the] military pay" to which she was entitled as a result of the injury she sustained during her employment with the VA is a claim for military pay,[4] the court cannot consider it. It is well established that 37 U.S.C. § 204(a)(1), which entitles military service members to basic pay while on active duty, is a money-mandating source of jurisdiction in the Court of Federal Claims. Metz v. United States, 466 F.3d 991, 998 (Fed. Cir. 2006) (citing In re United States, 463 F.3d 1328, 1334 (Fed. Cir. 2006); James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998)). However, a claim for back pay arising under 37 U.S.C. § 204 accrues no later than the date on which the service member was separated from the military. Martinez, 333 F.3d at 1303-04. Accordingly, plaintiff's purported claim for military pay accrued in 1997 when she was discharged from the Naval Reserve, more than six years before she filed suit in this court. Thus, such a claim would be untimely under 28 U.S.C. § 2501. Moreover, to take advantage of 37 U.S.C. § 204(a)(1), a plaintiff must establish

---

[4] Notwithstanding the language used by plaintiff in her complaint, the court suspects that plaintiff may be requesting something different than military pay. Based on the contents of some of the documents attached to the complaint, plaintiff may be claiming that she did not receive credit for her military service when the amount of her disability retirement payments was determined. If so, such a claim would be beyond this court's jurisdiction because, at a minimum, it accrued in 2009, more than six years before plaintiff filed her complaint. Alternatively, based on the contents of one of the documents constituting her response to defendant's motion to dismiss, plaintiff may be claiming that she was not credited with deemed military wages while she was on active duty. Deemed military wages are used to allow members of a uniformed service to receive credits for purposes of determining Social Security benefits. See 42 U.S.C. § 429; Soc. Sec. Admin., Social Security Handbook § 953, https://www.ssa.gov/OP_Home/ handbook/handbook.09/handbook-0953.html (last revised Aug. 9, 2006). A claim for deemed military wages related to military service that concluded in 1997 would be beyond this court's jurisdiction because, at a minimum, it accrued more than six years before plaintiff filed her complaint.

that her separation from the military was involuntary. Metz, 466 F.3d at 998. Here, plaintiff has not alleged that she was wrongfully discharged from the Naval Reserve. Accordingly, if plaintiff is asserting a claim for military pay, the court would be required to dismiss it for failure to state a claim upon which it could grant relief pursuant to RCFC 12(b)(6).

In sum, the Court of Federal Claims lacks jurisdiction to entertain plaintiff's claims regardless of how they are characterized.

## III. APPLICATION TO PROCEED IN FORMA PAUPERIS

As previously noted, plaintiff filed, concurrent with her complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, the Court of Federal Claims may waive filing fees and security under certain circumstances. See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has satisfied all three requirements. Accordingly, the court grants plaintiff's application and waives her filing fee.

## IV. CONCLUSION

For the reasons stated above, the court **GRANTS** plaintiff's application to proceed in forma pauperis, **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint **WITHOUT PREJUDICE** for lack of jurisdiction. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge